## PUGH v. HARBISON.

PRACTICE—The several pleas or defenses that may be set up in an answer, under paragraphs *three* and *four*, *section 116*, *Code of Practice*, stand each upon its own merits, and a demurrer may be sustained as to some and overruled as to others.

PLEADING—It is a rule well understood that a litigant is not bound to prove more than he avers, and a plea or defense, not denying title in plaintiff, or averring title in defendant, is bad on demurrer.

*Appeal from Ashley Circuit Court.*

HON. HENRY B. MORSE, Circuit Judge.

*J. W. Van Gilder,* for appellant.

GREGG, J.

The appellant brought his complaint at law, in the Ashley circuit court, for three bales of cotton; at the March term, 1870, the appellee filed his answer containing four paragraphs.

The first: That martial law had been proclaimed in the county by the Governor; that civil law was suspended, and the government of the county turned over to military officers, J. A. Lockhart was such officer in command of that county, and by his order the appellant was required to turn over the cotton to George W. Norman, as the administrator of Rufus Whitlow.

The second: That Norman, as administrator, under such order, directed appellant to turn over said cotton to the appellee, and it was so delivered for said Norman.

The third: That the appellee, under Norman's order, received the cotton and "turned it and the proceeds of it," over to Norman.

The fourth: That the cotton was the property of Norman, as such administrator, and that appellant had taken the same

without right, and that the cotton was turned over to Norman, who, as administrator, was the owner.

The appellant demurred to the first three paragraphs or causes of defense in the answer; the court overruled the demurrer; the appellant rested, and final judgment went against him for costs, from which he appealed.

The third and fourth paragraphs of section 116, of the Civil Code, relating to what the answer of a defendant shall contain, read as follows :

"*Third.* A statement of any new matter constituting a defense, counter claim or set off, in ordinary and concise language, without repetition."

"*Fourth.* The defendant may set forth in his answer as many grounds of defense, counter-claim, and set off, whether legal or equitable, as he shall have. Each shall be distinctly stated in a separate paragraph, and numbered. The several defenses must refer to the causes of action which they are intended to answer, in a manner by which they may be intelligibly distinguished." Section 121, provides that the plaintiff may demur to the answer, etc.

Thus it is declared that a defendant may set up any number of defenses he may have, but each defense must be separately stated, in a paragraph distinguished by number. Then each of these pleas, or paragraphs of defense, stands upon its own merits. A demurrer may be sustained as to some paragraphs and overruled as to others.

The question then recurs, do the facts set up in the first paragraph constitute a defense? This paragraph does not claim that the cotton belonged to Norman, to the appellee, or Whitlow's estate. It admitted the taking and did not deny ownership in the appellant; it did not aver any public or military necessity for taking the property, and that he was required by military order to take the same. It is a rule, well understood, that a litigant is not bound to prove more than he avers; hence the demurrer should have been sustained to this paragraph.

The second paragraph is equally bad. It does not deny the

appellant's ownership of the cotton. It admits the taking and avers he did it under an order from Norman, without claiming that Norman had any title to the cotton.

The third paragraph, likewise, avers that appellee took the cotton and turned it, and the proceeds of it, over to Norman, without averring title in Norman, or want of title in appellant, or that he was compelled, by military order, to take the cotton, and it was demurrable.

The fourth paragraph is different. It denies appellant's right; sets up title in Norman, as administrator, etc., and, if true, is a good defense to the action.

For the error in not sustaining appellant's demurrer, the judgment is reversed, and the cause remanded with instructions to allow the pleadings amended herein, and for further proceedings to be had according to law.